UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

EMMANUEL GUTIERREZ,

Defendant.

21-cr-759 (PKC)

ORDER

---

CASTEL, Senior District Judge:

On July 19, 2022, defendant was sentenced principally to a term of 72 months imprisonment. (Minute Entry; ECF 34).

On January 31, 2024, defendant moved for a sentence reduction (ECF 47) pursuant to Amendment 821 to the Sentencing Guidelines which went into effect on November 1, 2023 and applies retroactively and also for a sentence reduction due to extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(A). The Court will first address the Amendment 821 prong of his motion.

Amendment 821

The United States Probation Department has issued a report indicating that defendant is not eligible for a sentence reduction under Amendment 821. (ECF 48.)

Defendant is not eligible to receive a "Status Points" adjustment because he did not receive an enhancement for committing the instant offense while under a criminal justice sentence. He is not eligible for the "Zero-Points Offender" offense level reduction because he did not have zero criminal history points. Because the defendant is not eligible for either the

"Status Points" adjustment or the "Zero-Points Offender" offense level reduction, he is ineligible for a reduction under Amendment 821.

Extraordinary and Compelling Reasons

    A. Exhaustion

Provided that the exhaustion requirement is met, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Gutierrez applied to the Warden of the facility for a sentencing reduction and the request was denied. (ECF 47, at 13.) He filed his motion for a sentencing reduction more than 30 days after the denial. Thus, he has satisfied the statutory exhaustion requirement.

    B. Standard For Granting a Reduction

Section 3582(c) explicitly prohibits a modification of a sentence unless one of the limited exceptions applies. Gutierrez invokes the "extraordinary and compelling reasons" exception. 18 U.S.C. § 3582(c)(1)(A)(i). In reviewing a motion invoking this exception, the Court may consider all circumstances in combination or in isolation, except that rehabilitation alone, may not be the ground for a reduction. See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).

Gutierrez asserts that "sentencing commission 821 Amendment and his rehabilitation as in light of COVID-19" as well as his "family support" and "mass incarceration" amount to extraordinary and compelling reasons warranting a reduction under § 3582(c)(1)(A). (ECF 41, at 5, 9-10.) As discussed above, Gutierrez is not eligible for resentencing under Amendment 821, and it thus does not constitute an extraordinary and compelling reason for a reduction. Gutierrez's good behavior and educational attainment during his incarceration, while

encouraging, does not justify a sentence reduction.  See <u>United States v. Salgado</u>, No. 15-cr-681, 2022 WL 3043100, at *2 (S.D.N.Y. Aug. 2, 2022) (stating that rehabilitation and a "spotless disciplinary record" do not warrant sentence reduction because "[t]o find otherwise would convert the process for obtaining a compassionate release into a de facto parole system, through which defendants with good behavior are rewarded with sentence reduction," contrary to Congress's intent).  As for COVID-19, Gutierrez does not state he suffers from any medical conditions putting him at an increased risk of serious complications were he to contract the disease, and the mere existence of COVID-19 in society does not justify compassionate release. See <u>United States v. Nwankwo</u>, No. 12-cr-31, 2020 WL 2490044, at *1-*2 (S.D.N.Y. May 14, 2020) ("the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease.") The defendant's family support and "mass incarceration" do not constitute an extraordinary and compelling reason for the reduction.

   It is hereby ORDERED that the defendant is ineligible for a sentence reduction under Amendment 821, and the defendant's motion for compassionate release is DENIED.  The motion (ECF 47) is DENIED.

  SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: April 30, 2024
   New York, New York

COPY MAILED TO:

Emmanuel Gutierrez
Reg. No. 91406-054
FCI Terminal Island
Federal Correctional Institution
P.O. Box 3007
San Pedro, CA 90733